## Case No. 3,321.

### Ex parte CRAIG.

### [4 Wash. C. C. 710.] [1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1827.

#### RESTORATION OF PRISONER'S PROPERTY.

The court, on motion, ordered the magistrate who committed the applicant and bound him over to appear in this court to answer to a charge of forgery of bank notes of the Bank of the United States; to restore to the applicant certain good notes of that bank, which he took from his possession and detains from him. -

A rule was granted upon the mayor of the city of Philadelphia, on the motion of the prisoner, to show cause why he should not deliver to the prisoner certain bank notes of the Bank of the United States, alleged to be genuine, to the value and amount of $1,550, which the mayor had taken from the person of the prisoner upon his examination upon a charge of forgery. The mayor appeared by counsel to show cause, and admitted the notes to be genuine; but denied the right of the court to interfere in a summary way in a matter of this kind.

Randall & Philips, for prisoner.
C. J. Ingersoll, for mayor.

WASHINGTON, Circuit Justice. The mayor having appeared to show cause, has admitted the material facts on which this rule was granted, and submits to such order as the court may think itself authorised to make in the case. The facts are, that upon the examination of the prisoner before the mayor, upon a charge of his having been concerned in counterfeiting the notes of the Bank of the United States, true notes of that or of other banks, to the amount of $1,550, were found in his pocket, which the mayor thought his duty required him to detain, until the trial of the prisoner should have taken place. The mayor asserts no claim to this money, nor is it even insinuated that it is not the property of the prisoner. The prisoner was committed by the mayor to take his trial before this court for the alleged offence; and a bill of indictment has accordingly been sent to the grand jury, which they have found to be true. Upon these facts, it can admit of no doubt, but that the prisoner could not fail in an action against the mayor to recover the money so taken from his person and detained by him; and the only question

is, whether, in a case like the present, the court can relieve the party in this summary mode of proceeding? No precedent of such a proceeding has been cited by the counsel for the prisoner, but I shall not fear to be the first judge (if I am so), to make the precedent. The notes in question are admitted to be true and genuine, and no accusation of any kind is made against the prisoner in relation to them, nor can they be used as evidence against the prisoner, upon his trial for having counterfeited other notes. They were taken from the person of the prisoner by the mayor, the examining and committing magistrate, by colour of his office, and are detained by him in consequence of the prosecution now depending in this court. Under these circumstances, I consider the money to be constructively in possession of the court, and subject to its order. The constitution, by one of its amendments, has secured to every person under a criminal prosecution, the right to have compulsory process for obtaining witnesses in his favour, and the privilege of having the assistance of counsel to defend him. But what would these securities avail the accused, if a judicial officer, or any other officer of the court may legally deprive him of the means of obtaining his witnesses, and of employing the counsel in whom his confidence is placed; by detaining the money found upon his person, which, in many cases, may be his all? To turn the prisoner over to his ordinary remedy, by suit against the officer, which might not be decided until long after his fate in the criminal prosecution had been fixed, would be a mockery of justice, and a reproach to the law.

The only doubt I felt as to the propriety of affording summary relief to the applicant was, that he had elected his remedy by suit against the mayor. This difficulty, however, may be got over by making the dismission of that suit the condition of making the rule absolute. Rule made absolute as above.

[NOTE. For the subsequent trial and conviction of the prisoner on the charge of forgery, see Case No. 14,883.]